# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND<br>103 Oronoco Street<br>Alexandria, VA  22314<br><br>TRUSTEES OF THE INTERNATIONAL TRAINING FUND<br>103 Oronoco Street<br>Alexandria, VA  22314<br><br>     Plaintiffs,<br><br>             v.<br><br>J.C.. PERNELL d/b/a ALL ABOUT METAL, LLC<br>3437 Crown Hill Road<br>Mechanicsville, VA  23111<br><br>Serve:<br>J.C. Pernell<br>3437 Crown Hill Road<br>Mechanicsville, VA  23111<br><br>     Defendant. | Civil Action No._____ |

## COMPLAINT

(FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT;
TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS;
TO ENJOIN VIOLATIONS OF THE TERMS OF EMPLOYEE BENEFIT
PLANS AND TO COMPEL AUDIT)

## PARTIES

1. Plaintiffs Trustees of the Plumbers & Pipefitters National Pension Fund (hereinafter the "National Pension Fund") are the trustees of a multi-employer employee benefit plan as those terms are defined in Sections 3(3) and 3(37) of the Employee Retirement Income  Security

Act of 1974, (ERISA), 29 U.S.C. §§ 1002(3) and (37). The National Pension Fund is established and maintained by a Restated Agreement and Declaration of Trust and by a Collective Bargaining Agreement between United Association Local Union No. 10 and the Defendant. The National Pension Fund is administered at 103 Oronoco Street, Alexandria, Virginia 22314.

2. Plaintiffs Trustees of the International Training Fund (hereinafter the "International Training Fund") are the trustees of a multi-employer employee benefit plan as those terms are defined in Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, (ERISA), 29 U.S.C. §§ 1002(3) and (37). The International Training Fund is established and maintained by a Restated Trust Agreement and by Collective Bargaining Agreement between the United Association Local Union No. 10 and the Defendant. The International Training Fund is administered at 103 Oronoco Street, Alexandria, Virginia 22314.

3. Defendant J.C. Pernell d/b/a All About Metal LLC is an individual doing business as All About Metal LLC under the laws of the Commonwealth of Virginia with an office located in Mechanicsville, Virginia. Defendant transacts business in the Commonwealth of Virginia as a contractor or subcontractor in the plumbing and pipefitting industry and at all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3) and 2(2) of the Labor-Management Relations Act (LMRA), 29 U.S.C. §§ 142(1), (3) and 152(2); Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

4. Defendant All About Metal LLC is a Virginia business existing under the laws of the Commonwealth of Virginia with an office located in Mechanicsville, Virginia. Plaintiffs confirmed All About Metal's existence as a limited liability company in the Commonwealth of Virginia. Defendant All About Metal LLC transacts business in the Commonwealth of Virginia as a contractor or subcontractor in the plumbing and pipefitting

industry and at all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3) and 2(2) of the Labor-Management Relations Act (LMRA), 29 U.S.C. §§ 142(1), (3) and 152(2); Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

## JURISDICTION

5. This Court has jurisdiction of this action under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of LMRA, 29 U.S.C. § 185(a). This is an action for breach of a Collective Bargaining Agreement between an employer and labor organizations representing employees in an industry affecting commerce, an action to collect contributions due to an employee benefit plans under the terms of the Collective Bargaining Agreements, and an action to enjoin the violation of the terms of employee benefit plans.

## COMMON FACTS

6. Defendant is signatory to the Collective Bargaining Agreement with United Association Local Union No. 10 establishing the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by the Defendant.

7. Pursuant to the Collective Bargaining Agreement, Defendant agreed to pay to the National Pension Fund certain sums of money for each hour worked by employees of the Defendant covered by the Collective Bargaining Agreement.

8. Pursuant to the Collective Bargaining Agreement, Defendant agreed to pay to the International Training Fund certain sums of money for each hour worked by employees of the Defendant covered by the Collective Bargaining Agreement.

9.  Defendant employed certain employees covered under the Collective Bargaining Agreement during this period and continuing.

## COUNT I
## (TO COMPEL AN AUDIT)

10. Plaintiffs hereby adopt, incorporate and restate in Count I paragraphs 1 through 9.

11. An audit of Defendant J.C. Pernell d/b/a All About Metal LLC's records from January 1, 2014 through the date of the audit, will permit the Plaintiffs to determine whether the Defendant is properly reporting the correct number of employees working under the Collective Bargaining Agreement, the correct number of hours worked by the employees, the correct contribution rates and the correct amounts owed to each of the Plaintiffs.

12. The Defendant has refused requests to cooperate in a payroll audit conducted on behalf of the Plaintiffs by the certified public accounting firm of Calibre CPA Group, PLLC.

13. Pursuant to the Defendant's Collective Bargaining Agreement, the Defendant is a party to and bound to the terms and conditions of the Restated Agreements and Declarations of Trust establishing the Plumbers and Pipefitters National Pension Fund and the Restated Trust Agreement establishing the International Training Fund (hereinafter "Trust Agreements").

14. Under the terms of the Collective Bargaining Agreement and Plaintiffs' Trust Agreements, and Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), and *Central States Pension Fund v. Central Transport, Inc.*, 472 U.S. 559 (1985), the Plaintiffs are entitled to obtain and conduct an audit of John J. Freeman, Jr. & Co., Inc. a/k/a John J. Freeman & Company's

payroll and related records and an employer is obligated to submit to a payroll compliance review conducted by the Plaintiffs.

WHEREFORE, the Plaintiffs pray for judgment as follows:

A.   For a Court Order requiring Defendant J.C. Pernell d/b/a All About Metal LLC to submit all payroll books and records to the Plaintiffs, and to cooperate with the Plaintiffs' designee, the certified public accounting firm of Calibre CPA Group, PLLC, to complete a payroll compliance review, at the Defendant's expense, for the period of January 1, 2014 through the date the audit can be conducted.

B.   To enter judgment against the Defendant J.C. Pernell d/b/a All About Metal LLC in the amount of reasonable attorneys' fees and costs incurred by the Plaintiffs in bringing this action.

C.   For such further relief as the Court may deem appropriate.

## COUNT II

15.   This Court has jurisdiction of this action under §§ 502(a)(3), (f), (g) and 515 of ERISA of 1974, 29 U.S.C. §§ 1132(a)(3), (f), (g) and 1145.  This is an action to enjoin violations of the terms of employee benefit plans.

16.   Plaintiffs hereby adopt, incorporate and restate in Count II paragraphs 1 through 14.

17.   Defendant, pursuant to the Restated Agreement and Declaration of Trust establishing the National Pension Fund and the Restated Trust Agreement establishing the International Training Fund, agreed to make timely contributions to the National Pension Fund and the International Training Fund in the amounts and on the dates required by its Collective Bargaining Agreement with United Association Local Union No. 10 in order to maintain the plan of benefits provided through the National Pension Fund and the International Training Fund.

18. Defendant has repeatedly failed to submit timely reports or contributions to the National Pension Fund and the International Training Fund in violation of the requirements of the aforementioned Restated Agreement and Declaration of Trust of the National Pension Fund and the Restated Trust Agreement of the International Training Fund.

WHEREFORE, in Count II Plaintiff Funds pray for judgment as follows:

A. For a Court Order enjoining violations of the terms of the Plaintiff employee benefit plans and requiring Defendant to submit timely contributions and reports to the Plaintiff Funds.

B. For such further relief as the Court may deem appropriate.

Respectfully submitted,

By __/s/_____
John R. Harney, Bar No. 41520
Counsel for Plaintiff Funds
O'Donoghue & O'Donoghue LLP
5301 Wisconsin Ave., NW, Suite 800
Washington, DC 20016
Telephone No.: (202) 362-0041
Facsimile No.: (202) 362-2640
jharney@odonoghuelaw.com


By:__/s/_____
Rebecca Richardson, Bar No. 80855
Counsel for Plaintiff Funds
O'Donoghue & O'Donoghue LLP
5301 Wisconsin Ave., NW, Suite 800
Washington, DC 20015
Telephone No.: (202) 362-0041
Facsimile No.: (202) 362-2640
rrichardson@odonoghuelaw.com

339081_1

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 10th day of February, 2020 on the following:

>The Office of Division Counsel
>Associate Chief Counsel (TE/GE) CC:TEGE
>Room 4300
>1111 Constitution Avenue
>Washington, DC 20224
>
>Attention:  Employee Plans
>
>Secretary of Labor
>200 Constitution Ave., N.W.
>Washington, DC  20210
>
>Attention:  Assistant Solicitor for
>            Plan Benefits Security

>__/s/_____
>John R. Harney, Bar No. 41520
>Counsel for Plaintiff Funds
>O'Donoghue & O'Donoghue LLP
>5301 Wisconsin Ave., NW, Suite 800
>Washington, DC 20016
>Telephone No.: (202) 362-0041
>Facsimile No.:  (202) 362-2640
>jharney@odonoghuelaw.com

339081_1